# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JUSTIN AUMAN KEENE,<br><br>    Plaintiff,<br><br>vs.<br><br>BUSY BEE CAFÉ, JOHN DOE, Human Resources Manager,<br><br>    Defendants. | No. C06-1008-EJM<br><br>INITIAL REVIEW ORDER |

This matter is before the court on plaintiff's Application to Proceed in Forma Pauperis and Motion for Appointment of Counsel, filed March 9, 2006. Application to proceed in forma pauperis granted; complaint dismissed; motion for appointment of counsel denied as moot.

Based on the application with certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without prepayment of the filing fee. Plaintiff shall submit $50.00 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *see also* 28 U.S.C. § 1914(a) (requiring $250.00 filing fee). The agency having custody of plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

Currently confined at the Iowa State Penitentiary in Fort Madison, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress alleged disability-

discrimination under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 et seq. Jurisdiction appears to be predicated on 28 U.S.C. § 1331. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

On March 24, 2000, the plaintiff pleaded guilty to criminal transmission of Human Immunodeficiency Virus, a violation of Iowa Code section 709C.1, and to dissemination of obscene material to a minor, a violation of Iowa Code section 728.2. *See State v. Keene*, No. FECR035804 (Dubuque County Dist. Ct. 2000); *State v. Keene*, No. FECR035050 (Dubuque County Dist. Ct. 2000). The Iowa District Court In and For Dubuque County sentenced the plaintiff to twenty-five years imprisonment. The plaintiff appealed to the Iowa Supreme Court. On July 5, 2001, the Iowa Supreme Court affirmed the plaintiff's conviction relating to the criminal transmission of the Human Immunodeficiency Virus. *See State v. Keene*, 629 N.W.2d 360 (Iowa 2001). On the same day, the Iowa Supreme Court affirmed the plaintiff's conviction relating to the dissemination of obscene material to a minor. *See State v. Keene*, 630 N.W.2d 579 (Iowa 2001). On August 6, 2001, procedendo issued on both convictions.[1] The plaintiff is serving his twenty-five year sentence.

In his complaint, the plaintiff contends:

> [I] wrote to the [defendants and made them] aware of [my] disability HIV-AIDS. They failed to offer me a future job position with them. Failed to offer [me] a job as a cook, and other job[s] there. I base this failure of hire on the basis of [my] physical disability HIV-AIDS. The legislative history to the ADA expressly provides that infection with HIV is a

---

[1] With respect to his state court convictions, the court notes the plaintiff pursued post-conviction relief, *see Keene v. State*, No. PCCV053068 (Dubuque County Dist. Ct. 2003); *Keene v. State*, No. PCCV052826 (Dubuque County Dist. Ct. 2002), and habeas relief, *see Keene v. Burger*, No. 2:03-cv-01041-MWB (N.D. Iowa 2005) (pursuing habeas corpus relief).

> disability under the ADA. [. . . I fit into] a protected group [and I am] afforded [rights] by the Iowa Civil Rights Act. The disability was made known to the person who was going to make the hiring decision. [. . . I am] disabled. [. . . I am] qualified for the position. [I have] worked in a prior job at Clarke College working at the Student Union, job duties, included working with money and a cash register, and cooking on the grill. The Busy Bee Café would be able to provide a job somewhere within [the] company for [me]. [I] suffered unfavorable employment action because of my physical disability.

As relief, the plaintiff seeks compensation in the amount of $5,000.00. In addition to his complaint, the plaintiff submitted a U.S. Equal Employment Opportunity Commission Dismissal and Notice of Rights form.

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis. *See id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

Even though he is serving a twenty-five year sentence for criminal transmission of Human Immunodeficiency Virus, the plaintiff contends that he is entitled to monetary

damages under the ADA because the defendants denied him a future job based on his disability. Such contention is simply wrong.

> Title I of the ADA bars employers from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

*Cravens v. Blue Cross & Blue Shield*, 214 F.3d 1011, 1016 (8th Cir. 2000) (quoting 42 U.S.C. § 12112(a)); *see also Conant v. City of Hibbing*, 271 F.3d 782, 784 (8th Cir. 2001) ("The ADA prohibits certain employers from discriminating against individuals on the basis of their disabilities."). "As the statutory language [of 42 U.S.C. § 12112(a)] indicates, ADA protection extends only to a "qualified individual with a disability[.]" *Cravens*, 214 F.3d at 1016. A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *see also Cravens*, 214 F.3d at 1016 (quoting 42 U.S.C. § 12111(8)). Therefore,

> [t]o establish a prima facie case of employment discrimination under the ADA, [a plaintiff] must show (1) that he has a disability within the meaning of the ADA, (2) that he is qualified to perform the essential functions of the job, with or without reasonable accommodation, and (3) that he suffered an adverse employment action because of his disability.

*Conant v. City of Hibbing*, 271 F.3d 782, 784 (8th Cir. 2001) (citing *Cooper v. Olin Corp., Winchester Div.*, 246 F.3d 1083, 1087 (8th Cir. 2001)); *see also Cravens*, 214 F.3d at 1016 (stating what is required to establish a prima facie case).

> The determination of qualification involves a two-fold inquiry: (1) whether the individual meets the necessary prerequisites for the job, such as education, experience, training, and the like; and (2) whether the individual can perform the essential job functions, with or without reasonable accommodation.

*Cravens*, 214 F.3d at 1016 (citing *Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108, 1111-12 (8th Cir. 1995)).

Title I of the ADA does not apply because the plaintiff is an inmate of the Iowa State Penitentiary, not an employee or job applicant. *See Battle v. Minn. Dep't of Corr.*, 40 Fed. Appx. 308, 309-10 (8th Cir. 2002) (determining district court properly dismissed inmate's claim under Title I of the ADA because he was not an employee for purposes of Title I of the ADA); *Murdock v. Washington*, 193 F.3d 510, 512 (7th Cir. 1999) (concluding Title I of the ADA does not apply to inmates); *cf. White v. Colorado*, 82 F.3d 364, 367 (10th Cir. 1996) (holding the ADA does not apply to prison employment situations). The fact that plaintiff is an inmate prevents him from being an employee or a job applicant of a private employer. *See Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) ("Lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a "retraction justified by the considerations underlying our penal system." (citing *Price v. Johnston*, 334 U.S. 266, 285, 68 S. Ct. 1049, 92 L. Ed. 1356 (1948)). Stated differently, there is no way the plaintiff could be an employee or job applicant of the Busy Bee Café because he is confined at the Iowa State Penitentiary, which is approximately 170 miles away.

Thus, the plaintiff's complaint shall be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Having concluded that it is appropriate to dismiss this action, the plaintiff's motion for appointment of counsel shall be denied as moot.

It is therefore

ORDERED

1) The plaintiff's application to proceed in forma pauperis status is granted.

2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

3) The agency having custody of the plaintiff is directed to submit $50.00 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid.

4) The plaintiff's action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

5) The plaintiff's motion for appointment of counsel is denied as moot.

April 17, 2006.

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

**TO:  WARDEN/ADMINISTRATOR**
    **Iowa State Penitentiary, Fort Madison, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Justin Auman Keene, #1054673, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Keene v. Busy Bee Café, et al.,* Case No. C06-1008-EJM. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $250.00 filing fee. Based on the prisoner account information, the court has assessed an initial partial filing fee of $50.00, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ Pridgen J. Watkins on 4/17/06
_____
Pridgen J. Watkins
   U.S. District Court Clerk
Northern District of Iowa